UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTUWAN CLEMONS, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:25-CV-488-GSL-AZ |
| SHAYLNN JONES, et al., | |
| Defendants. | |

## OPINION AND ORDER

Antuwan Clemons, a prisoner without a lawyer, filed a confusing two-paragraph complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Clemons alleges he and Shaylnn Jones had a misunderstanding at the St. Joseph County Jail on September 17, 2025. He says this caused her to kick his door which fractured his hand. Clemons does not explain the misunderstanding or how it resulted in his door being kicked. Without more facts, the complaint does not state a claim against Jones for injuring his hand.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Without more facts, the complaint does not state a claim against Jones for retaliation.

Clemons alleges he filed a grievance about his hand. He says he attached a copy of the grievance to the complaint, but no grievance was filed with this complaint. He says Jones retaliated against him for the grievance by writing a conduct report against him. He does not attach the conduct report nor explain what it was about. He says he was sanctioned with a warning, but he does not say what he was warned about or whether he engaged in the conduct for which he was sanctioned. "[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Clemons also sues the St. Joseph County Jail. The jail is a building; it is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The jail will be dismissed.

This complaint does not state a claim for which relief can be granted. If Clemons believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES the St. Joseph County Jail;

(2) GRANTS Antuwan Clemons until **November 27, 2025**, to file an amended complaint; and

(3) CAUTIONS Antuwan Clemons if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 24, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT